(80 Misc. Rep. 220.)

### WILKINSON v. McLEOD.

(Supreme Court, Appellate Term, First Department.  April 10, 1913.)

1. CONTRACTS (§ 171*)—ENTIRE OR SEVERABLE—SERVICES—EXPERT WITNESS.
    Where plaintiff contracted to testify as an expert for $50 a day, and before his cross-examination was completed he refused to attend for further examination unless he was paid his charges to date, whereupon defendant was obliged to subpœna him for subsequent examination, the contract was not a severable one, nor a hiring at will; and hence plaintiff's refusal to appear for further examination constituted a breach thereof, which was not cured by his subsequent appearance under subpœna.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 754–757; Dec. Dig. § 171.*]

2. CONTRACTS (§ 322*)—PERFORMANCE—EVIDENCE—EXPERT WITNESS—SERVICES—ANTAGONISTIC RETAINER.
    Where plaintiff contracted to testify as an expert for defendant, and before the completion of his examination refused to attend further without payment of his fees to date, and was compelled to attend under subpœna, evidence that he had accepted an antagonistic retainer was admissible, though not pleaded, on the issue as to whether he had abandoned his contract with defendant and appeared thereafter solely under compulsion of law.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804–1808, 1815, 1816; Dec. Dig. § 322.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by George Wilkinson, doing business under the name of George Wilkinson & Co., against Sayre McLeod. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

Warren McConihe, of New York City, for appellant.
Barnett & Jablow, of New York City, for respondent.

LEHMAN, J. The plaintiff was engaged to testify as an expert witness in regard to a financial report which he had prepared. It was agreed that he should receive for his services the sum of $50 per day. His direct examination was completed, but before his cross-examination was completed the hearing was adjourned. The plaintiff refused to attend the subsequent examination unless he was paid his charges to date, and the defendant was obliged to subpœna him to testify at the subsequent examination. The defendant also claims

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that in the interim plaintiff accepted another retainer antagonistic to his interests. Nevertheless the plaintiff has recovered judgment for the first examination.

[1] In my opinion this judgment was erroneous. The contract was not a hiring at will, for, though the compensation was arranged per diem, it contemplated a distinct piece of work, viz., the preparation and giving of testimony. It was not a severable contract, by the terms of which the agreed price for the services became payable each day, because by its nature the contract was entire. The defendant could obtain no benefit from his services unless he fully completed his testimony. If the plaintiff refused to appear for cross-examination, then his testimony could be stricken out on motion. Where the benefit sought is entire, the contract will ordinarily be interpreted as an entire contract. Walsh v. N. Y. & Ky. Co., 88 App. Div. 477, 85 N. Y. Supp. 83.

[2] The plaintiff claims, however, that the contract is in any event complied with by his appearance and completion of the testimony, though under subpœna. The plaintiff is, however, not entitled to a recovery, if he abandoned the contract and appeared thereafter solely under compulsion of law. Upon this point evidence of the receipt of an antagonistic retainer would in my opinion be material, even though not pleaded.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

